ORIGINAL

CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

KENNETH M. SORENSON
MICAH SMITH
Assistant U.S. Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii      96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email:      Ken.Sorenson@usdoj.gov
            Micah.Smith@usdoj.gov

*FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
DEC 05 2022
at 11 o'clock and 30 min. A M
John A. Mannle, Clerk*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 22-00076 LEK |
| | ) |
| Plaintiff, | ) MEMORANDUM OF PLEA |
| | ) AGREEMENT |
| vs. | ) |
| | ) DATE:   December 5, 2022 |
| WILFREDO TAMAYO SAVELLA, | ) TIME:    11:00 a.m. |
| | ) JUDGE: Hon. Leslie E. Kobayashi |
| Defendant. | ) |
| | ) |
| | ) |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the

UNITED STATES OF AMERICA, by its attorney, the United States Attorney for

the District of Hawaii, and the defendant, WILFREDO TAMAYO SAVELLA, and

his attorney, Victor Bakke, Esq., have agreed upon the following:

### THE CHARGES

1.     The defendant acknowledges that he has been charged in an

Information with the corrupt acceptance of bribes in violation of Title 18, United

States Code, Section 666(a)(1)(B).

2.     The defendant has read the charge against him contained in the

Information, and those charges have been fully explained to him by his attorney.

3.     The defendant fully understands the nature and elements of the crime

with which he has been charged.

### THE AGREEMENT

4.     The defendant agrees to waive indictment and enter a voluntary plea

of guilty to the Information, which charges him with one count of acceptance of

bribes in connection with the transactions of a local government receiving federal

funds.   The defendant is aware that he has the right to have this felony asserted

against him by way of grand jury indictment.   The defendant hereby waives this

right and consents that this offense may be charged against him by way of the

Information.   In entering into this agreement, the United States agrees that it will

not charge the defendant with honest services wire fraud or money laundering, in

2

violation of 18 U.S.C. § § 1343, 1346, 1349, 1956 and 1957, or any other crimes related to the defendant's acceptance of funds for the performance of official acts on behalf of Maui County.   In return for these concessions by the United States, the defendant agrees as follows:

    a.    The defendant herein waives any assertion that the charge in the Information is time barred by the application of any statute of limitations;

    b.    The defendant understands that the single count Information filed in this case charges multiple violations of 18 U.S.C. § 666(a)(1)(B) in a single count.   The defendant expressly waives any claim or assertion that the Information is duplicitous for this reason.

5.    The defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6.    The defendant enters this plea because he is in fact guilty of accepting bribes in the performance of his duties as a public official as set forth in the Information, and he agrees that this plea is voluntary and not the result of force or threats.

## PENALTIES

7.     The defendant understands that the penalties for the offense to which he is pleading guilty include:

a.     As to Count 1, a term of imprisonment of up to 10 years and a fine of up to $250,000, plus a term of supervised release of up to 3 years.

b.     In addition, the Court must impose a $100 special assessment as to each count to which the defendant is pleading guilty.   The defendant agrees to pay $100 for each count to which he is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing.   The defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this Agreement at its option.

c.     **Forfeiture.**   Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), the defendant shall forfeit any and all property, real or personal, constituting, or derived from, proceeds traceable to the violation of the offense set forth in the Information.

d.     **Restitution.**   The Court must also award restitution pursuant to Title 18, United States Code, Section 3663A, to the persons and entities

4

victimized by the defendant's offenses.   The defendant understands that the Court will determine the amounts of restitution to be ordered, as well as the persons and entities entitled to such restitution, with the assistance of the United States Probation Office.

## FACTUAL STIPULATIONS

8.     The defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which the defendant is pleading guilty:

a.     The defendant was an employee of the County of Maui's Department of Environmental Management (DEM) for approximately 32 years. The defendant held a number of positions at DEM, and served as DEM's Maintenance Mechanic Supervisor for the final 10 years of his employment, before retiring on November 30, 2020.

b.     As the Maintenance Mechanic Supervisor at DEM, the defendant played a role in determining what maintenance and wastewater system equipment, parts and services DEM needed to properly outfit and maintain DEM's wastewater treatment activities.   The defendant also played a role in providing contract expertise with respect to various sole source and other contracts entered into by DEM in order to operate and maintain their systems.

      c.     The County of Maui is a county in the State of Hawaii, and is comprised of three populated islands (Maui, Lanai and Molokai) and two unpopulated islands (Kaho'olawe and Molokini).   It was governed by a mayor and a county council.   Each Maui County governmental department was managed by a Director, who was in turn assisted by an Assistant Director.

      d.     DEM directed and oversaw operations of its three subdivisions, the Wastewater Reclamation Division, the Solid Waste Division and the Environmental Protection and Sustainability Division.

      e.     H2O Process Systems, LLC ("H2O"), a Honolulu, Hawaii based company, provided various wastewater services, including distributing, installing, and consulting of various wastewater equipment and parts.   H2O was formed in Washington State in 2001 and has been registered in the State of Hawaii since 2008.

      f.     Milton Choy ("Choy") (charged elsewhere) was the owner and manager of H2O.   Choy, through H2O, conducted millions of dollars of business with DEM, providing wastewater treatment equipment and services.

      g.     <u>Receipt of Gifts by Maui County Officials and Employees.</u> The Charter of Maui County, Article 10, Code of Ethics, Section 10-4.1.a, provided:   "No officer or employee of the county shall solicit, accept or receive

6

any gift; directly or indirectly, whether in the form of money, service, loan, travel, entertainment, hospitality, thing or promise, or in any other form, under circumstances in which it can reasonably be inferred that the gift is intended to influence the officer or employee in the performance of the officer's or employee's official duties or is intended as a reward for any official action on the officer's or employee's part."

h.      From at least 2013, and continuing through 2017, the defendant accepted bribes from Choy in return for his role in initiating, awarding and/or acting as DEM's primary contact person for sole source contracts issued by Maui County to H2O.   The defendant accepted cash payments, bank deposits, casino chips, and/or other financial benefits, totaling over $40,000, in exchange for the defendant's agreement, in his official capacity as a County of Maui official at DEM, to assist in the process of initiating and acting as contact person for sole source contracts and purchase orders awarded by DEM to H2O.

i.      In March 2013, Choy provided the defendant with a first class airline ticket to Las Vegas, Nevada at the cost of $1,934.   The defendant accepted the first class ticket without notifying DEM, or the Maui County Board of Ethics that he had accepted an expensive first class airfare ticket from H2O, a company doing substantial business with DEM.

7

j.      Between June 2015 and August 2017, Choy wrote four checks to the defendant, which were then deposited into the defendant's American Savings Bank (ASB) accounts #3338 and #0457 totaling $34,770.   An additional $5,000 in funds were directly deposited into the defendant's ASB account #0457. The defendant accepted each of the checks without notifying DEM, or the Maui County Board of Ethics, that he was accepting money from H2O, which continued to be awarded lucrative sole source contracts from DEM.

k.      The table below outlines the benefits Choy provided the defendant in return for his agreement to assist in the awarding and maintenance contracts to Choy's company H2O:

|   | Date | Amount | Description of benefit to the defendant |
|---|------|--------|-----------------------------------------|
| 1 | 3/22/2013 | $1,934 | First class airfare to Las Vegas |
| 2 | 6/19/2015 | $6,500 | Check into ASB #3338 |
| 3 | 12/16/2015 | $2,200 | Check into ASB #0457 |
| 4 | 6/15/2017 | $1,000 | Check into ASB #0457 |
| 5 | 8/7/2017 | $25,070 | Check into ASB #4057 |
| 6 | 9/12/2017 | $5,000 | Funds directed into ASB #0457 |
| | TOTAL | $41,704 | |

l.      Between July 2014 and December 2017, H2O was awarded at least 52 sole source contracts by DEM, with a total value of $19,005,738.   The defendant was listed as the primary point of contact on 35 of these contracts.   As

8

the primary contact person the defendant was in a position to both explain and justify the equipment and services that were the subject matter of the contracts.

      m.    On or about July 11, 2017, the defendant signed a requisition form to purchase equipment from H2O for the price of $97,686.   On July 19, 2017, the defendant sent a text message to Choy stating:   "You shld [sic] have a copy of exe contract in your email already."

      n.    On August 7, 2017, the defendant texted his banking information to Choy, including his bank routing and account numbers.   On August 7, 2017, utilizing the banking information provided by the defendant, Choy deposited $25,070 into the defendant's personal bank account, ASB #0457.   The next day, on August 8, 2017, a "Request for Sole Source" listing the defendant as the primary contact person was signed by the Director of DEM, Stewart Stant (charged elsewhere), awarding H2O a $280,869 equipment purchase contract.

      o.    On September 11, 2017, the defendant again provided Choy with his ASB #0457 banking account information.   On September 12, 2017, Choy deposited $5,000 into the defendant's ASB bank account #0457.   On September 19, 2017, a $117,018 sole source equipment purchase contract request was issued by DEM listing the defendant as DEM's contact representative.

p.      The defendant continued to act as the primary DEM point of contact on multiple DEM sole source contracts issued to H2O, including on sole source contract requests dated October 18, 2017, January 7, 2019, and February 11, 2020.

q.      The gifts and funds given to the defendant by Choy were paid with the understanding and agreement that the defendant would be influenced and/or rewarded in connection with the execution of his official duties as maintenance supervisor with DEM.

r.      Choy primarily provided bribe payments to Stant, who acted as Choy's primary point of contact with DEM, and who received nearly $2,000,000 in bribes from Choy over the course of six (6) years.   In the overall scope of the scheme to bribe DEM officials by Choy, the defendant played a minor role in insuring that some of the sole source contracts issued to H2O were properly justified and backstopped.

## SENTENCING STIPULATIONS

9.      Pursuant to CrimLR 32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charge to which the defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the

10

statutory purposes of sentencing.

10.     Pursuant to CrimLR 32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of the defendant in connection with this matter:

a.     As of the date of this agreement, it is expected that the defendant will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility.   If all of these events occur, and the defendant's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate.   *See* U.S.S.G. § 3E1.1(a) and Application Note 3.

b.     The United States Attorney agrees that the defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to the defendant.   Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b)(2), if the defendant is

11

otherwise eligible.   The defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the United States Probation Office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

11.   The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.   The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

12.   The parties represent that as of the date of this agreement there are no material facts in dispute.

## APPEAL/COLLATERAL REVIEW

13.   The defendant is aware that he has the right to appeal his conviction and the sentence imposed.   The defendant knowingly and voluntarily waives the right to appeal, except as indicated in subparagraph "b" below, his conviction and any sentence within the Guidelines range as determined by the Court at the time of

sentencing, and any lawful restitution order imposed, or the manner in which the sentence or restitution order was determined, on any ground whatsoever, in exchange for the concessions made by the prosecution in this Agreement.   The defendant understands that this waiver includes the right to assert any and all legally waivable claims.

      a.    The defendant also waives the right to challenge his conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that the defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

      b.    If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the defendant, the defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined and to challenge that portion of his sentence in a collateral attack.

      c.    The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

13

## **FINANCIAL DISCLOSURE**

14.     In connection with the collection of restitution or other financial

obligations, including forfeiture as set forth below, that may be imposed upon him,

the defendant agrees as follows:

        a.     The defendant agrees to fully disclose all assets in which he has

any interest or over which he exercises control, directly or indirectly, including any

assets held by a spouse, nominee, or third party.   The defendant understands that

the United States Probation Office (USPO) will conduct a presentence

investigation that will require the defendant to complete a comprehensive financial

statement.   To avoid the requirement of the defendant completing financial

statements for both the USPO and the government, the defendant agrees to

truthfully complete a financial statement provided to the defendant by the United

States Attorney's Office.   The defendant agrees to complete the disclosure

statement and provide it to the USPO within the time frame required by the United

States Probation officer assigned to the defendant's case.   The defendant

understands that the USPO will in turn provide a copy of the completed financial

statement to the United States Attorney's Office.   The defendant agrees to provide

written updates to both the USPO and the United States Attorney's Office

regarding any material changes in circumstances, which occur prior to sentencing,

within seven days of the event giving rise to the changed circumstances.    The defendant's failure to timely and accurately complete and sign the financial statement, and any written update thereto, may, in addition to any other penalty or remedy, constitute the defendant's failure to accept responsibility under U.S.S.G § 3E1.1.

        b.     The defendant expressly authorizes the United States Attorney's Office to obtain his credit report.    The defendant agrees to provide waivers, consents, or releases requested by the United States Attorney's Office to access records to verify the financial information, such releases to be valid for a period extending 90 days after the date of sentencing.    The defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the USPO.

        c.     Prior to sentencing, the defendant agrees to notify the Financial Litigation Program of the United States Attorney's Office before making any transfer of an interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by the defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

## **FORFEITURE**

15.     As part of his acceptance of responsibility and pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, the defendant agrees as follows:

a.     The defendant consents to the entry of a money judgment in the amount of $41,704, reflecting criminal proceeds the defendant received from Choy for the offenses charged in the Information (the "Forfeiture Money Judgment").

b.     The defendant knowingly and voluntarily waives and agrees to waive any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.   The defendant waives all constitutional, legal, and equitable defenses to the entry of and collection of the Forfeiture Money Judgment.   The defendant knowingly and voluntarily waives any right to a jury trial on the forfeiture of property.

c.     The defendant agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of the property.   The defendant waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of forfeiture in the charging instrument, announcement of

forfeiture at sentencing, and incorporation of the forfeiture in the judgment.   The defendant acknowledges that he understands that the forfeiture of the property, if the government elects to conduct the forfeiture criminally, will be part of the sentence imposed upon the defendant in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure, during the change of plea hearing.   Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the defendant consents to the Forfeiture Money Judgment becoming final as to the defendant when entered.

   d. The defendant understands that the forfeiture of the forfeitable property does not constitute and will not be treated as satisfaction, in whole or in part, of any fine, restitution, reimbursement of cost of imprisonment, or any other monetary penalty this Court may impose upon the defendant in addition to the forfeiture.

   e. The defendant represents and agrees that, within the meaning of 21 U.S.C. § 853(p), the Forfeiture Money Judgment amount represents property subject to forfeiture that, as a result of any act or omission of the defendant,

     (A) cannot be located upon the exercise of due diligence;

     (B) has been transferred or sold to, or deposited with, a third party;

     (C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property which cannot be divided without difficulty.

f.      Payment of the Forfeiture Money Judgment shall be made by postal money order, bank check, or certified check payable to the United States Marshals Service.   Defendant shall pay the forfeiture amount promptly following entry of the Court's final order of forfeiture.   Payment shall be made to the Asset Forfeiture Unit, United States Attorney's Office, District of Hawaii, PJKK Federal Building, 300 Ala Moana Boulevard, Room 6-100, Honolulu, Hawaii 96850, with the criminal docket number noted on the face of the check.

g.   The defendant understands that interest shall begin to accumulate on any outstanding balance of the forfeiture sum commencing 30 days after the entry of the final order of forfeiture.   Interest shall accrue at the judgment rate of interest (as defined by 28 U.S.C. § 1961) on any unpaid portion thereof. Furthermore, if the defendant fails to pay any portion of the Forfeiture Money Judgment on or before 30 days following the entry of the Final Order of Forfeiture, the defendant consents to the forfeiture of any other property alleged to be subject to forfeiture in the Information, including substitute assets, in full or partial satisfaction of the money judgment, and remains responsible for the payment of

18

any deficiency until the Forfeiture Money Judgment, including any accrued interest, is paid in full.

## IMPOSITION OF SENTENCE

16.    The defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines.    The defendant agrees that there is no promise or guarantee of the applicability or non-applicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

17.    The defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary.    The defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charge adequately reflects the seriousness of the actual offense behavior and accepting the Agreement will not undermine the statutory purposes of sentencing.

## WAIVER OF TRIAL RIGHTS

18.    The defendant understands that by pleading guilty he surrenders certain rights, including the following:

a.      If the defendant persisted in a plea of not guilty to the charges against him, then he would have the right to a public and speedy trial.   The trial could be either a jury trial or a trial by a judge sitting without a jury.   The defendant has a right to a jury trial.   However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the prosecution, and the judge all must agree that the trial be conducted by the judge without a jury.

b.      If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random.   The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.   The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.   The jury would be instructed that the defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

c.      If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the defendant's guilt beyond a reasonable doubt.

d.      At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the defendant.   The

20

defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them.   In turn, the defendant could present witnesses and other evidence on his own behalf.   If the witnesses for the defendant would not appear voluntarily, the defendant could require their attendance through the subpoena power of the Court.

e.    At a trial, the defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

f.    At a trial, the defendant would have a right to have the jury determine beyond a reasonable doubt the quantity and weight of the controlled substance charged in the Information necessary to establish the statutory mandatory minimum penalty or an increased statutory maximum penalty.

19.    The defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph.   The defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

## USE OF PLEA STATEMENTS

20.    If, after signing this Agreement, the defendant decides not to plead guilty as provided herein, or if the defendant pleads guilty but subsequently makes a motion before the Court to withdraw his guilty plea and the Court grants that

21

motion, the defendant agrees that any admission of guilt that he makes by signing

this Agreement or that he makes while pleading guilty as set forth in this

Agreement may be used against him in a subsequent trial or other proceeding if the

defendant later proceeds to trial.    In particular, by signing this agreement, the

defendant agrees that all of the statements in paragraphs 8.a. through 8.oo. above

are accurate and truthful, and by signing this agreement, the defendant accepts that

those factual stipulations are truthful admissions that may be used against him in a

subsequent trial or other proceeding.    By signing this agreement, the defendant

voluntarily, knowingly, and intelligently waives any protection afforded by Rule

11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal

Rules of Evidence regarding the use of statements made in this Agreement,

including the statements in paragraphs 8.a. through 8.oo. . above, or during the

course of pleading guilty when the guilty plea is later withdrawn.    The _only_

exception to this paragraph is where the defendant fully complies with this

Agreement but the Court nonetheless rejects it.    Under those circumstances, the

United States may not use those statements of the defendant for any purpose.

    21.    The defendant understands that the prosecution will apprise the Court

and the United States Probation Office of the nature, scope and extent of the

defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

## COOPERATION

22.     The defendant agrees that he will fully cooperate with the United States.

        a.     The defendant agrees to testify truthfully at any and all trials, hearings, or any other proceedings at which the prosecution requests him to testify, including, but not limited to, any grand jury proceedings, trial proceedings involving co-defendants and others charged later in the investigation, sentencing hearings, and related civil proceedings.

        b.     The defendant agrees to be available to speak with law enforcement officials and representatives of the United States Attorney's Office at any time and to give truthful and complete answers at such meetings, but he understands he may have his counsel present at those conversations, if he so desires.

        c.     The defendant agrees he will not assert any privilege to refuse to testify at any grand jury, trial, or other proceeding, involving or related to the crimes charged in this Information or any subsequent charges related to this investigation, at which the prosecution requests him to testify.

d.     The defendant agrees that his sentencing date may be delayed based on the government's need for the defendant's continued cooperation, and agrees not to object to any continuances of the defendant's sentencing date sought by the United States.

e.     Pursuant to Section 1B1.8(a) of the Sentencing Guidelines, the prosecution agrees that self-incriminating information provided pursuant to this Agreement to cooperate will not be used in determining the applicable guideline range, except as may be provided in this Agreement and under Section 1B1.8(b) of the Sentencing Guidelines.

23.     In the event that the defendant does not breach any of the terms of this Agreement but the Court nonetheless refuses to accept the Agreement after the defendant has made statements to law enforcement authorities or representatives of the United States Attorney's Office pursuant to this Agreement, the prosecution agrees not to use said statements in its case-in-chief in the trial of the defendant in this matter.   The defendant understands that this does not bar the use of information and evidence derived from said statements or prohibit the use of the statements by the prosecution in cross-examination or rebuttal.

24.     Pursuant to Guidelines § 5Kl.1 and Rule 35(b) of the Federal Rules of Criminal Procedure, the prosecution may move the Court to depart from the

24

Guidelines on the ground that the defendant has provided substantial assistance to authorities in the investigation or prosecution of another person who has committed an offense.   The defendant understands that:

      a.     The decision as to whether to make such a request or motion is entirely up to the prosecution.

      b.     This Agreement does not require the prosecution to make such a request or motion.

      c.     This Agreement confers neither any right upon the defendant to have the prosecution make such a request or motion, nor any remedy to the defendant in the event the prosecution fails to make such a request or motion.

      d.     Even in the event the prosecution makes such a request or motion, the Court may refuse to depart from the Guidelines or to impose a sentence below the minimum level established by statute.

25.     The defendant and his attorney acknowledge that, apart from any written proffer agreements, if applicable, no threats, promises, agreements or conditions have been entered into by the parties other than those set forth in this Agreement, to induce the defendant to plead guilty.   Apart from any written proffer agreements, if applicable, this Agreement supersedes all prior promises, agreements or conditions between the parties.

26.     To become effective, this Agreement must be signed by all signatories listed below.

27.     Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto.


AGREED:

CLARE E. CONNORS
United States Attorney
District of Hawaii


_____
KENNETH M. SORENSON
MICAH SMITH

Dated:   ___December 2, 2022___

_____
WILFREDO TAMAYO SAVELLA
Defendant

Dated:   _12/05/22_

_____
VICTOR BAKKE
Attorney for Defendant

Dated:   _12.5.22_

26